UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STIMDEL PROPERTIES (FL), INC.,<br><br>         *Plaintiff*,<br><br>  -against-<br><br>ALAN DERN,<br><br>         *Defendant*. | Case No.<br><br>**COMPLAINT** |

Plaintiff Stimdel Properties (FL), Inc. ("Stimdel"), by its attorneys, Fox Horan & Camerini LLP, as and for its Complaint against Defendant Alan Dern ("Dern"), alleges as follows:

## BACKGROUND

1. Stimdel – as landlord – brings this action against Dern – as guarantor for Stimdel's tenant, One Stop 34, LLC ("One Stop") – pursuant to Dern's personal guaranty (the "Guaranty") of One Stop's obligations under its written lease agreement with Stimdel for the premises known as 12-01 34th Avenue, Long Island City, Queens County, New York 11106 (the "Lease").

2. Stimdel is the prevailing party in the two lawsuits One Stop has commenced against it, causing Stimdel to incur significant attorneys' fees and costs.

3. Stimdel is entitled to collect from Dern, as One Stop's guarantor, the damages arising from One Stop's conduct and the reasonable attorneys' fees and costs that Stimdel incurred in enforcing the Lease, addressing One Stop's defaults, defending against One Stop's litigation, and bringing this action to enforce the Guaranty.

## THE PARTIES

4. Stimdel is a corporation organized and existing under the laws of the State of Florida with a principal place of business at 3450 NW 113th Court, Miami, Florida 33178.

5. Dern is an individual who is a citizen of the State of New York and who resides at 23 Lakeville Drive, Roslyn, Nassau County, New York 11576.

6. Dern is a member of One Stop, a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 37-30 Review Avenue, Long Island City, Queens County, New York 11101.

## JURISDICTION, VENUE, AND APPLICABLE LAW

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b) because Dern resides in this judicial district and because a substantial part of the events or omissions giving rise to Stimdel's claims occurred in this judicial district.

9. New York law is the applicable law. *See* Ex. 2 (Guaranty) at ¶ 14(D).

## FACTUAL BACKGROUND

10. Stimdel is the owner of real property located at 12-01 34th Avenue, Long Island City, Queens County, New York 11106 (the "Premises").

11. On or about December 15, 2017, Stimdel and One Stop entered into the Lease by which Stimdel leased the Premises to One Stop. *See* Ex. 1 (Lease).

12. Pursuant to the Lease: "In any action or proceeding to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to recover such party's reasonable costs of suit, including reasonable attorneys' and expert's fees and related expenses, in addition to all other recovery or relief." *See id.* at § 19.3.

13. Simultaneously with One Stop's execution of the Lease, Dern executed the Guaranty for the Lease. *See* Ex. 2 (Guaranty).

14. Stimdel would not have entered into the Lease unless Dern executed and delivered the Guaranty. *See id.* at 1.

**I.     The Guaranty**

15. In the Guaranty, Dern "unconditionally and irrevocably guarantee[d] to [Stimdel]: (i) the due and punctual payment in full … by [One Stop] of the Rent and Additional Rent (as such terms are defined in the Lease) due and payable under the Lease; and (ii) the full and timely performance and observance of all of the material terms, material covenants, material conditions and material obligations under the Lease." Ex. 2 (Guaranty) at ¶ 2.

16. Dern agreed to "pay to [Stimdel] all damages that may arise in consequence of any default by [One Stop] under the Lease, including, without limitation, all reasonable attorneys' fees and disbursements incurred by [Stimdel] in connection with or by reason of any such material default and/or in the enforcement of the terms of the Lease and this Guaranty." *Id.*

17. Dern acknowledged that "recovery may be had against [Dern] … in any independent action or proceeding against [Dern] without [Stimdel] first asserting, prosecuting, or exhausting any remedy or claim against [One Stop]." *Id.* at ¶ 3.

18. Dern agreed that his liability under the Guaranty shall not "be affected, modified, diminished, impaired or terminated by reason of … (ii) any consent, approval, waiver or other action, inaction or omission under or concerning the Lease … (iv) any dealings or transactions or matter or thing occurring between [Stimdel] and [One Stop] … (viii) the default or failure of [Dern] to perform any of [his] obligations set forth in this Guaranty, (ix) any action which [Stimdel] may

take or fail to take against [One Stop] … or (x) any other circumstance or condition that may result in a discharge, limitation or reduction of liability of a surety or guarantor." *Id.* at ¶ 5.

19. Dern agreed: "If [Stimdel] shall employ counsel to enforce [Dern's] obligations under this Guaranty or any part thereof, [Dern] agrees to pay on demand all of [Stimdel's] costs in connection therewith, whether or not suit be brought, including, without limitation, reasonable attorneys' fees and disbursements." *Id.* at ¶ 13.

20. Dern agreed that his obligations under the Guaranty would "commenc[e] on the date hereof and end[] on the date [One Stop] has surrendered possession of the Premises in vacant and broom clean condition …, free of all tenancies and occupants, *on the condition that all of the following have occurred* (i) at the time of such surrender, all Rent and Additional Rent due under the Lease have been paid to [Stimdel] up to the later of (a) the time of surrender, or (b) the end of the ninety (90) day period set forth in subsection (ii) below, and (ii) [Stimdel] has received at least ninety (90) days written notice from [One Stop] of [One Stop's] intent to vacate the Premises and [One Stop] has vacated the Premises on or before the date for delivery of possession to [Stimdel] set forth by [One Stop] in such notice, and (iii) [One Stop] has forfeited to [Stimdel] its security deposit under the Lease." *Id.* at ¶ 14(H) (emphasis added).

21. To date, One Stop has not surrendered possession of the Premises in vacant and broom clean condition, free of all tenancies and occupants.

22. To date, One Stop has not paid all Rent and Additional Rent due and owing to Stimdel under the Lease.  To date, $100,000 remains outstanding.

23. To date, Stimdel has not received any written notice from One Stop of One Stop's intention to vacate the Premises.

24. To date, One Stop has not vacated the Premises.

25. To date, One Stop has not forfeited to Stimdel its security deposit under the Lease.

## II. The Parties' Disputes

### A. Access to the Premises

26. Shortly following the commencement of the Lease, One Stop and its licensees began utilizing a gate located on the parcel of real property adjoining the Premises (the "Adjoining Premises") to access a parking area on the Premises.

27. One Stop and its licensees also began parking vehicles, cranes, and other machinery on the Adjoining Premises, thereby obstructing the use of the Adjoining Premises by the tenant of the Adjoining Premises, DHL Express (USA), Inc. ("DHL").

28. On numerous occasions, DHL complained to Stimdel about One Stop's interference with DHL's use of the Adjoining Premises.

29. In March 2019, Stimdel, through counsel, demanded that One Stop cease and desist from its interference with DHL's use of the Adjoining Premises.

30. Instead, on July 11, 2019, One Stop filed an action against Stimdel (1) for declaratory judgment that One Stop may utilize the Adjoining Premises to access the Premises; and (2) for purportedly breaching the Lease by refusing to permit One Stop to utilize the Adjoining Premises to access the Premises. *See One Stop 34, LLC v. Stimdel Properties (FL), Inc.*, Case No. 1:19-cv-04011-LDH-PK (E.D.N.Y.) (the "Access Action").

31. Following discovery, Stimdel moved for partial summary judgment seeking, among other things, (1) dismissal of One Stop's declaratory judgment claim, (2) dismissal of One Stop's breach of contract claim, to the extent that One Stop alleged a breach based on Stimdel purportedly refusing to permit One Stop's access to the Adjoining Premises, and (3) dismissal of One Stop's claims for consequential and reputational damages.

32. By Memorandum and Order dated March 31, 2022, the Honorable LaShann DeArcy Hall concluded that the Lease does not afford One Stop any rights to access the Adjoining Premises and awarded Stimdel summary judgment with respect to One Stop's declaratory judgment claim, One Stop's breach of contract claim, and One Stop's claims for consequential and reputational damages. *See* Access Action ECF No. 54; *see also* Access Action ECF No. 51.

33. Stimdel thus was the prevailing party in the Access Action.

34. Stimdel incurred significant attorneys' fees and costs in connection with enforcing the Lease; defeating One Stop's incorrect claim that the Lease entitled it to utilize the Adjoining Premises to access the Premises; and prevailing in the Access Action. These attorneys' fees and costs total $331,273.36 to date.

35. Pursuant to the Guaranty, Stimdel is entitled to collect from Dern the attorneys' fees and costs that Stimdel incurred in connection with enforcing the Lease, addressing One Stop's incorrect claim that the Lease entitled it to utilize the Adjoining Premises to access the Premises, and prevailing in the Access Action. *See* Ex. 2 (Guaranty) at ¶ 2.

**B.  One Stop's Unjustified Failure to Pay Rent**

36. The Lease requires One Stop to pay rent to Stimdel. *See* Ex. 1 (Lease) at Art. 4.

37. One Stop defaulted in paying rent to Stimdel, as required by the Lease, beginning in April 2020.

38. One Stop's failure to pay rent to Stimdel was a material default under the Lease.

39. In September 2020, Stimdel, through counsel, served a Seven (7) Day Notice of Default seeking payment of rent due through September 2020.

40. On October 6, 2020, One Stop filed an action against Stimdel seeking (1) a declaration that Stimdel's Seven (7) Day Notice of Default was invalid, (2) a declaration that

Stimdel breached the Lease, and (3) a "Yellowstone" injunction restraining Stimdel from taking any action to terminate the Lease or to remove or evict One Stop from the Premises.  *See One Stop 34, LLC v. Stimdel Properties (FL), Inc.*, Index No. 717879/2020 (Sup. Ct. Queens Cnty.) (the "Rent Action").

41. The "Yellowstone" injunction is still in place and discovery is ongoing.

42. Stimdel has incurred significant attorneys' fees and costs in connection with enforcing the Lease, addressing One Stop's failure to pay rent, and the Rent Action, totaling $18,998.99 to date.

43. Pursuant to the Guaranty, Stimdel is entitled to collect from Dern the attorneys' fees and costs it incurred in connection with enforcing the Lease, addressing One Stop's failure to pay rent, and the Rent Action.  *See* Ex. 2 (Guaranty) at ¶ 2.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Dern's Liability Pursuant to the Lease)**

44. Stimdel repeats and realleges the allegations contained in Paragraphs 1-43 above.

45. The Lease provides that "[i]n any action or proceeding to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to recover such party's reasonable costs of suit, including reasonable attorneys' and expert's fees and related expenses, in addition to all other recovery or relief."  Ex. 1 (Lease) at § 19.3.

46. Dern is liable to Stimdel for "all damages that may arise in consequence of any default by [One Stop] under the Lease, including, without limitation, all reasonable attorneys' fees and disbursements incurred by [Stimdel] in connection with or by reason of any such material default and/or in the enforcement of the terms of the Lease…."  *See* Ex. 2 (Guaranty) at ¶ 2.

47. Stimdel is entitled to payment from Dern for all damages arising from One Stop's conduct, including, but not limited to, Stimdel's attorneys' fees and costs pursuant to Section 19.3 of the Lease and Paragraph 2 of the Guaranty.

48. Based on the foregoing, Stimdel is entitled to the entry of a money judgment in favor of Stimdel and against Dern for all damages arising from One Stop's conduct, including, but not limited to, unpaid Rent and Additional Rent of $100,000 and all reasonable attorneys' fees and costs incurred by Stimdel in connection with or by reason of One Stop's defaults under the Lease, Stimdel's enforcement of the terms of the Lease, the events giving rise to the Access Action, the Access Action, the events giving rise to the Rent Action, and the Rent Action, in an amount to be determined at trial but no less than $350,272.35.

### AS AND FOR A SECOND CAUSE OF ACTION
(Attorneys' Fees and Costs Pursuant to the Guaranty)

49. Stimdel repeats and realleges the allegations contained in Paragraphs 1-43 above.

50. Dern agreed that "[i]f [Stimdel] shall employ counsel to enforce [Dern's] obligations under this Guaranty or any part thereof, [Dern] agrees to pay on demand all of [Stimdel's] costs in connection therewith, whether or not suit be brought, including, without limitation, reasonable attorneys' fees and disbursements." *See* Ex. 2 (Guaranty) at ¶ 13.

51. Stimdel is entitled to payment from Dern for its attorneys' fees and costs in enforcing the Guaranty pursuant to Paragraph 13 of the Guaranty.

52. Based on the foregoing, Stimdel is entitled to the entry of a money judgment in favor of Stimdel and against Dern for all reasonable attorneys' fees and costs incurred by Stimdel related to its efforts to enforce Dern's obligations under the Guaranty, including, but not limited to, all reasonable attorneys' fees and costs incurred by Stimdel in connection with or by reason of this action, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE Stimdel prays that this Court:

1. Enter judgment in favor of Stimdel;

2. On Stimdel's First Cause of Action, enter a money judgment in favor of Stimdel and against Dern for all damages arising from One Stop's conduct, including, but not limited to, unpaid Rent and Additional Rent of $100,000 and all reasonable attorneys' fees and costs incurred by Stimdel in connection with or by reason of One Stop's defaults under the Lease, Stimdel's enforcement of the terms of the Lease, the events giving rise to the Access Action, the Access Action, the events giving rise to the Rent Action, and the Rent Action, in an amount to be determined at trial but no less than $350,272.35;

3. On Stimdel's Second Cause of Action, enter a money judgment in favor of Stimdel against Dern for all reasonable attorneys' fees and costs incurred by Stimdel related to its efforts to enforce Dern's obligations under the Guaranty, including, but not limited to, all reasonable attorneys' fees and costs incurred by Stimdel in connection with or by reason of this action, in an amount to be determined at trial;

4. Award Stimdel its costs, expenses, and attorneys' fees; and

5. Award Stimdel such other and further relief as this Court deems appropriate.

Dated: New York, New York
       April 29, 2022

>                    */s/ William M. Brodsky*
>                    William M. Brodsky
>                    FOX HORAN & CAMERINI LLP
>                    885 Third Avenue, 17th Floor
>                    New York, NY 10022
>                    (212) 480-4800
>
>                    *Attorney for Plaintiff*